Matter of Burgess v Annucci (2019 NY Slip Op 09161)





Matter of Burgess v Annucci


2019 NY Slip Op 09161


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1145 TP 19-01191

[*1]IN THE MATTER OF MAURICE BURGESS, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered June 21, 2019) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination following a tier III hearing that he violated certain inmate rules. Petitioner's contention that the Hearing Officer denied him his right to present a retaliation defense is not preserved for our review (see Matter of Reeves v Goord , 248 AD2d 994, 995 [4th Dept 1998], lv denied 92 NY2d 804 [1998]). We have reviewed petitioner's remaining contentions and conclude that they lack merit.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court